UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ELIZABETH S. PENDLEY,
                Plaintiff

v.                                                            Civil Action No.
                                                                                  3:05CV551-J

JO ANNE B. BARNHART, Commissioner
 Social Security Administration,
                Defendant

**MEMORANDUM OPINION**

      This case presents plaintiff Elizabeth Pendley's challenge to the decision of the Commissioner denying her claim to Disability Insurance Benefits. After examining the materials of record, the arguments of the parties and the applicable authority, the Court is of the opinion that the decision of the Commissioner should be reversed.

      Ms. Pendley filed her application in March of 2003, alleging that she had been unable to engage in any substantial gainful employment since December 11, 2002. After a hearing, the Administrative Law Judge ("ALJ") determined that her post concussive syndrome, headaches and major depressive disorder were severe impairments that prevented her from performing any of her past relevant work. The ALJ further found that Ms. Pendley retained the residual functional capacity for a significant range of light and sedentary work.

      The Commissioner conceded that the existence of the headache syndrome was well documented. Ms. Pendley agreed that there were times when she functioned well, but that she was unable to function consistently. Thus, the central issue is the frequency and severity of her

1

headaches. The frequency and severity claimed by Ms. Pendley would preclude gainful employment (Tr. 329 - vocational expert testimony), while the ALJ determined that the headaches were neither as frequent nor as severe as Ms. Pendley claimed and would not interfere with full time employment (Tr. 18).

If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Jones v. Secretary, 945 F.2d 1365 (6th Cir. 1991). The Court's obligation to affirm in such a case exists regardless of whether we would resolve the disputed issues of fact differently, and regardless of whether there exists substantial evidence to support the opposite conclusion. Stanley v. Secretary, 39 F.3d 115 (6th Cir. 1994), Tyra v. Secretary, 896 F.2d 1024 (6th Cir. 1990), Mullen v Brown, 800 F.2d 535, 545 (6th Cir. 1986).

A significant consideration in the evaluation of pain is the credibility of the claimant, given that tolerance of pain is very much an individual matter. Villareal v. Secretary, 818 F.2d 461, 463 (6th Cir. 1987). "Determination of credibility related to subjective complaints of pain rests with the ALJ and the ALJ's opportunity to observe the demeanor of the claimant ... is invaluable and should not be discarded lightly." Gaffney v. Bowen, 825 F.2d 98, 101 (6th Cir. 1987). An "ALJ may distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other." Moon v. Sullivan, 923 F.2d 1175, 1183 (6th Cir. 1990). Stated another way, "discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." Walters v.

Commissioner, 127 F.3d 525, 532 (6th Cir. 1997).

Nonetheless, the ALJ's credibility assessment must be supported by substantial evidence. Walters v. Commissioner, 127 F.3d 525 (6th Cir. 1997). Furthermore, if the ALJ rejects the claimant's testimony as not credible, he or she must state reasons for doing so. Auer v. Secretary, 830 F.2d 594, 595 (6th Cir. 1987).

In this case, the reasoning provided by the ALJ for rejecting Ms. Pendley's complaints of disabling pain is disturbingly thin. The ALJ noted that EEGs, CT Scans and MRIs had been largely negative, but this is essentially irrelevant given the clear documentation of headache problems. He also questioned her reports of taking Meclizine daily for a dizziness problem, noting that the medication is to be taken as needed, up to three times a day ("1 po tid prn," Tr. 269); while the ALJ suggests she does not take the medication daily, what he references in support of this statement is a 26 page exhibit that covers a year and a half and includes no record of how often she actually needs to take the Meclizine. Tr. 266-292.

In support of his conclusion that the headaches -- with which she has suffered weekly for years, and for which she takes strong medication -- are not as severe as she suggests, the ALJ pointed only to the record of the headache Ms. Pendley suffered on December 10, 2003, noting that it was in the mild to moderate range. Tr. 18, 262. He also observed that stress may be a factor in the headaches, but he fails to note that the circumstances that cause her stress (for example, reading, working on the computer, verbal intellectual functioning) are regularly found in the clerical jobs identified by the vocational expert. Tr. 327. The record also consistently reports that she has impaired attention and concentration skills (Tr. 118) and that she functions best with "extremely short-term (9 seconds) memory" tasks (Tr. 167).

The ALJ stated that Ms. Pendley's daily activities were not consistent with the level of impairment she claimed, supporting this by reference to her April 2003 "Activities of Daily Living" report. That report states that she drives 3-4 times a week if she is well, but that she does not drive if she is not well. Tr. 75. This is consistent with her hearing testimony, which was that she does not drive when she has a headache, and that doctors have advised her not to drive "when I'm out of it." Tr. 316-317.

The ALJ also observed that Ms. Pendley has admitted that she cooks. Tr. 19. In fact, her April 2003 report states that she cooks approximately 3 to 4 items *per month*, that she has trouble comprehending recipes, and that she is forgetful about the oven. Tr. 76. The ALJ noted that she can visit friends or relatives 3 to 4 times a week for one to two hours at a time, and that her five year old grandson comes over once a week and she gives him a snack and a bath. Tr. 78.

It is difficult to see how her sporadic cooking or her occasional driving or visiting renders her testimony less credible. She has never testified that she is impaired all the time; rather, she has consistently reported that she is unable to engage in work activities when she is suffering from a headache. She testified that she has a mild headache at least two times per week and that they last one or two days, and that she has a severe headache at least once each week (lasting up to ten days). Tr. 319. In September of 2002, she reported severe incapacitating headaches at least once a week or every other week, lasting one to five days. Tr. 248. In the spring of 2003, she maintained a headache calendar that showed severe headaches (pain levels between 6 and 10) with the previously reported frequency. Tr. 238-239. In 2004, she reported headaches at a pain level of 10 on a monthly basis. Tr. 265.

Even if the mild headaches are completed disregarded (see vocational expert's statement

4

at 329), it is apparent that a severe headache that renders Ms. Pendley unable to work for one or two days every other week would prevent her from holding a full time job.  The Court is well aware of the deference to be accorded an ALJ's credibility determinations; nonetheless, the ALJ must comply with the requirement that s/he state reasons (supported by the record) for rejecting a claimant's subjective testimony.  In this case, the Court concludes that the ALJ failed to comply with that obligation, and further concludes that substantial evidence fails to support the ALJ's rejection of Ms. Pendley's testimony.

      A judgment in conformity has this day entered.